UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

**DOCKET NO.:**

JOEL WATSON,

Plaintiff,

-against-

**COMPLAINT**

CITY OF NIAGARA FALLS, NIAGARA FALLS POLICE OFFICER FRANJOINE, in his individual and official capacities, and NIAGARA FALLS POLICE OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities,

Defendants.

---------------------------------------------------------------------- X

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Plaintiff JOEL WATSON, by his attorneys, Horn Wright, LLP, complaining of Defendants CITY OF NIAGARA FALLS, NIAGARA FALLS POLICE OFFICER FRANJOINE, in his individual and official capacities, and NIAGARA FALLS POLICE OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, JOEL WATSON ("Plaintiff") seeks relief from CITY OF NIAGARA FALLS, NIAGARA FALLS POLICE OFFICER FRANJOINE, in his individual and official capacities, and NIAGARA FALLS POLICE OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities (collectively, "Defendants"), for committing acts under color of law and depriving Plaintiff of rights secured under 42 U.S.C. § 1983 grounded in rights secured to him under the Fourth and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiff alleges that Defendants engaged in unlawful conduct. Specifically, Defendants used excessive force on Plaintiff. All acts were committed under the color of law and

deprived Plaintiff of rights secured to him under the Fourth and Fourteenth Amendments of the Constitution of the United States.

3. Defendants, without justification or any reason except an intent to deprive Plaintiff of his rights and knowledge that their conduct had the tacit authorization of Defendant CITY OF NIAGARA FALLS, unlawfully assaulted and battered Plaintiff. Said unlawful acts upon Plaintiff deprived him of his civil and Constitutional rights.

4. Plaintiff seeks damages, both compensatory and punitive, award of costs, disbursements, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

5. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned Constitutional provisions.

## VENUE

6. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the City of Niagara Falls, State of New York; the actual place of employment of the individually named Defendants and Doe Officers is within the Western District of New York; and the City of Niagara Falls, State of New York is within the jurisdiction of the Western District of New York.

## THE PARTIES

7. Plaintiff JOEL WATSON ("WATSON" and/or "Plaintiff") is a resident of the United States who lives within the Western District of New York.

8. Upon information and belief, at all relevant times described herein, Defendant CITY OF NIAGARA FALLS ("CITY") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York

9. Upon information and belief, at all relevant times described herein, Defendant CITY, by its agents and/or employees, operated, maintained, and controlled the City of Niagara Falls Police Department, including all supervising officers and police officers thereof.

10. Upon information and belief, at all relevant times described herein, the City of Niagara Falls Police Department ("NFPD") is a subdivision and/or agency of Defendant CITY and has an office at 1925 Main Street, Niagara Falls, New York 14305.

11. Upon information and belief, at all relevant times described herein, Defendant NIAGARA FALLS POLICE OFFICER FRANJOINE ("FRANJOINE") is a Police Officer who is being sued in his individual and official capacities and is an employee of Defendant CITY and NFPD. At all relevant times described herein, FRANJOINE was acting under color of state law within the scope of his employment as a Police Officer employed by Defendant CITY and NFPD, and works under the supervision, direction, and/or control of his supervisors in NFPD.

12. Upon information and belief, at all relevant times described herein, Defendant NIAGARA FALLS POLICE OFFICER JOHN DOES #1-10 (fictitiously named) ("DOES") are individuals and employees of Defendant CITY and NFPD with an actual place of employment within City of Niagara Falls, State of New York, who are being sued in their individual and official capacities. At all relevant times described herein, DOES were acting under color of state law within the scope of their employment as Police Officers employed by Defendant CITY and NFPD, and work under the supervision, direction, and/or control of their supervisors in the NFPD.

13. Defendants FRANJOINE and DOES are collectively referred to as "Defendant Officers".

**COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW**

14. Plaintiff served a Notice of Claim upon CITY on October 4, 2025, within ninety days of the events giving rise to his claims.

15. On February 3, 2026, Plaintiff appeared for an examination pursuant to § 50-h of the New York General Municipal Law.

16. More than thirty days have elapsed since Plaintiff served his Notice of Claim and CITY has not offered adjustment or payment thereof.

**FACTUAL ALLEGATIONS**

17. On or about July 7, 2026, Plaintiff WATSON was lawfully driving on Niagara Falls Boulevard, within the City of Niagara Falls, State of New York.

18. On or about July 7, 2026, Plaintiff was employed by Uber.

19. On or about July 7, 2026, Plaintiff had just completed an Uber delivery and pulled into a Popeyes parking lot while awaiting possible new Uber requests.

20. As Plaintiff was lawfully pulling into the Popeyes parking lot, Defendants FRANJOINE and/or DOES turned on their police lights and pulled Plaintiff over.

21. Plaintiff asked Defendant FRANJOINE why he was pulled over, but Defendant FRANJOINE did not provide an answer and only demanded Plaintiff's license and registration.

22. Plaintiff asked Defendant FRANJOINE again why he was pulled over, but Defendant FRANJOINE still refused to answer and demanded Plaintiff's license and registration.

23. Due to prior history between Plaintiff and Defendant FRANJOINE, Plaintiff asked Defendant FRANJOINE and/or DOES to contact a supervisor.

24. Plaintiff, at all relevant times, remained in his vehicle, did not display any weapons, nor make any threats or aggressive movements towards FRANJOINE and/or DOES. Plaintiff was, at all times, compliant and visible to Defendants FRANJOINE and/or DOES.

25. Defendant FRANJOINE, without just cause or legal justification, aggressively and forcibly grabbed Plaintiff, pulled him from the vehicle, and tased Plaintiff.

26. As a result of Defendant FRANJOINE's unlawful use of force, Plaintiff fell to the ground, hit his head on the concrete, and was caused to suffer severe injuries and extreme severe pain and discomfort.

27. Defendant FRANJOINE continued to escalate the situation and became more aggressive towards Plaintiff.

28. On July 7, 2025, Defendant FRANJOINE, without probable cause or reason to believe that there was a traffic violation or that a crime had been committed, unlawfully assaulted Plaintiff, and arrested Plaintiff.

29. Upon information and belief, Plaintiff WATSON was brought to the precinct for processing and then to central booking.

30. At all relevant times to the instant Complaint, Defendants were acting under color of law.

31. At all relevant times to the instant Complaint, Defendants, separately and in concert, engaged in acts or omissions which constituted deprivation of the Constitutional rights, privileges, and immunities of Plaintiff WATSON and, while these acts were carried out under color of law, they had no justification or excuse in law and were instead gratuitous, illegal, improper, and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property ensuring civil order.

32. At all relevant times to the instant Complaint, Defendants, and each of them, had the power and duty to restrain the other Defendants and prevent them from violating the law and the rights of Plaintiff, but each of the Defendants failed and refused to restrain the other Defendants and thereby became a party to unlawfully subjecting Plaintiff to harm and denial of basic rights.

33. That the injuries Plaintiff suffered were caused solely by the conduct of Defendants and Plaintiff in no way contributed to or caused the injuries he suffered.

34. The conduct of Defendants was the proximate cause of Plaintiff's injuries.

35. The injuries suffered by Plaintiff are permanent in nature.

**AS AND FOR A FIRST COUNT**
**42 U.S.C. § 1983 - Excessive Force**
**(*Against Defendants FRANJOINE and DOES*)**

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

37. Plaintiff was brutalized by Defendants in the absence of any need for such application of force.

38. Defendant Officers subjected Plaintiff to excessive force while acting in the scope of their employment as Police Officers. Such force was objectively unreasonable under the circumstances then existing and caused Plaintiff to suffer serious and permanent physical injuries.

39. Plaintiff has suffered significant and substantial damages as a result of all of the aforementioned conduct of Defendants.

40. As a proximate result of Defendant Officers' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur medical expenses and other special damages, and has suffered great

pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

**AS AND FOR A SECOND COUNT**
**42 U.S.C. § 1983 - Failure to Supervise**
**(*Against All Defendants)***

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

42. Defendants were responsible for supervising, overseeing, and controlling their subordinates in the NFPD.

43. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was greatly humiliated and other special damages, and has suffered great pain and mental anguish causing damages, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

**AS AND FOR A THIRD COUNT**
**42 U.S.C. § 1983 - Failure to Intervene**
**(*Against All Defendants*)**

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

45. Defendants had an affirmative duty to intervene to prevent the violation of Plaintiff's Constitutional rights.

46. Defendants failed to intervene to protect Plaintiff from the egregious violation of his Constitutional rights, despite having a realistic opportunity to do so.

47. That, as a result of Defendants' conduct and failure to intervene, Plaintiff's Constitutional rights were violated.

48. Plaintiff has suffered damages as a result of Defendants' impermissible conduct.

49. As a proximate result of Defendants' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur medical expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees pursuant to Title 42 § 1988.

**AS AND FOR A FOURTH COUNT**
**42 U.S.C. § 1983 – *Monell***
**(*Against Defendant CITY*)**

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

51. Defendant CITY failed to adequately train its police officers and detectives regarding the proper use of force, probable cause, and investigation to comply with Constitutional standards and has tolerated the use of excessive force, probable cause, and investigation by its police officers and detectives despite a plethora of complaints from citizens of being subjected to Constitutional violations by police officers, lieutenants, and detectives.

52. Among the other conduct or failure to act by CITY which caused Plaintiff's injuries are the following:

(a) Failure to retrain and update training of its police officers and detectives regarding the proper use of force, probable cause, and investigation of purported crimes under the Constitution of the United States, including police officers and detectives who have been accused of excessive use of force, improper police procedures and tactics, and falsifying police records.

(b) In hiring and retaining incompetent police officers and detectives who CITY knew or should have known possessed aggressive propensities, lack of proper temperament, and inability to comprehend or abide by Constitutional principles.

(c) In failing to establish and implement meaningful procedures for discipling or re-training officers and detectives who have engaged in such misconduct, including officers and detectives who have been the subject of misconduct claims.

(d) In failing to implement adequate disciplinary policies to deter its police officers and detectives from the use of excessive force, improper police procedures and tactics, and falsifying police records.

53. CITY, by its policy making agents, servants, and employees, authorized and/or allowed the type of misconduct complained herein to continue.

54. The conduct of Defendant Officers was consistent with longstanding customs, practices, and usages of police officers and detectives employed by CITY.

55. Upon information and belief, despite knowledge of such *de facto* policies and practices, the supervising and policy making officers and officials of the Police Department of CITY have not taken steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers and detectives with regard to the Constitutional and statutory limits on the exercise of their authority, and have, instead,

condoned and ratified these customs, usages, and practices through their deliberate indifference to or disregard of the effect of said policies, customs, and practices upon the Constitutional rights upon persons within their respective jurisdictions.

56. As a proximate result of CITY's actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur medical expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees pursuant to Title 42 § 1988.

**AS AND FOR A FIFTH COUNT**
**Pendant State Claim – Assault and Battery**
**(*Against All Defendants*)**

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

58. The aforestated actions of Defendants amounted to an assault and battery of Plaintiff.

59. Plaintiff did not consent to the harmful and/or offensive touching by Defendants.

60. As a result of the aforementioned actions of Defendants, Plaintiff suffered physical and emotional injuries.

61. Defendants' actions were intentionally, recklessly, and/or gross negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff.

62. At all times mentioned, Defendants were acting within the scope of their employment as Police Officers.

63. At all times mentioned, all Police Officers and/or employees of CITY were acting within the scope of their employment.

64. At all times mentioned, the police officers and/or employees were employed by Defendant CITY and NFPD.

65. The actions of the police officers and employees, which were performed within their scope of employment, creates liability against Defendant CITY under New York State Law.

66. Consequently, Defendant CITY is liable under *respondeat superior* for the actions of its employees.

67. As a proximate result of Defendants' intentional and malicious actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur medical expenses and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages.

**AS AND FOR A SIXTH COUNT**
**Pendant State Claim – Negligence**
**(*Against All Defendants*)**

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

69. Defendants had a duty to prevent and cease the unlawful assault and battery of Plaintiff as well as a duty to hire, to train, to investigate, supervise, and discipline Defendant Officers and prevent other wrongful acts that were committed against Plaintiff.

70. In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiff, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise

the slightest amount of due care to secure and protect the civil and Constitutional rights of Plaintiff against assault and battery and other due process violations. Said rights are guaranteed to Plaintiff by 42 U.S.C. § 1983 and by the Fourth and Fourteenth Amendments of the Constitution.

71. The breach of duty by Defendants was a direct and proximate cause of the harm suffered by Plaintiff. Said harm includes physical harm, pain, and suffering which continues to this day, monetary expenses, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional, and psychological damage.

72. That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR A SEVENTH COUNT**
**Pendant State Claim – Negligent Hiring, Improper Supervision, and Improper Retention**
**(*Against Defendant CITY*)**

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

74. Upon information and belief, it was the custom, policy, and practice of CITY to hire certain police officers, including Defendant Officers, without conducting the appropriate background checks, investigations, and psychological evaluations.

75. Upon information and belief, it was the custom, policy, and practice of CITY to conduct inadequate investigations of Police Officer candidates, as was done with Defendant Officers.

76. Upon information and belief, it was the custom, policy, and practice of CITY to inadequately supervise the actions and conduct of police officers, including Defendant Officers.

77. Upon information and belief, it was the custom, policy, and practice of CITY to continue to employ police officers, including Defendant Officers, after it is known that such police officers consistently violate the Constitutional rights of persons such as WATSON.

78. These customs, policies, and practices were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff's injuries.

79. CITY is therefore liable for violations of Plaintiff's Constitutional rights as caused by Defendants as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

80. As a proximate result of Defendant's customs, policies, and practices for negligent hiring, improper supervision, and improper retention of Police Officers, Plaintiff was greatly humiliated, and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

**AS AND FOR AN EIGHTH COUNT**
**Pendant State Claim – *Respondeat Superior***
**(*Against Defendant CITY*)**

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein with the same force and effect as if more fully set forth at length below.

82. By virtue of Defendant Officers' employment with Defendant CITY and NFPD and their actions within their scope of their employment, Defendants are liable for Defendant Officers' actions under a theory of *respondeant superior*.

83. As a result of the above-described conduct, Plaintiff was caused to be unlawfully seized, assaulted, battered, and placed in substantial fear for his life, sustained bodily injuries,

mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00).

## JURY DEMAND

84. Plaintiff demands a Trial by Jury of all causes of action so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Under the First Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

B. Under the Second Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

C. Under the Third Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages and attorney's fees;

D. Under the Fourth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees;

E. Under the Fifth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00), plus punitive damages;

F. Under the Sixth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00);

G. Under the Seventh Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00);

H. Under the Eighth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00);

I. Costs and disbursements of this action; and

J. Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
October 2, 2026

Respectfully submitted,
**HORN WRIGHT, LLP**
*Attorneys for Plaintiff*

By: /s/*Pablo A. Fernandez*
Pablo A. Fernandez
400 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: 516.355.9696
paf@hornwright.com